

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 8, 2022

**BY ECF AND EMAIL**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  *United States v. Jason Morgan*, S1 21 Cr. 460 (GHW)
>        **09 Cr. 699 (GHW)**

Dear Judge Woods:

The Government respectfully submits this letter in advance of the September 15, 2022 sentencing of defendant Jason Morgan ("Morgan" or the "defendant"), following his plea of guilty to one count of possession of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Sections 922(k) and 924(a) and his anticipated admission of Specification Two of an amended violation which charged him with cranial possession of a weapon in the third degree:  defaced weapon, in violation of New York Penal Law Section 265.02.  For the reasons set forth below, the Government respectfully submits that a sentence within the Guidelines Range of 46 to 57 months' imprisonment to be served consecutively to a sentence within the Guidelines Range of 21 to 27 months' imprisonment on the violation of supervised release would be sufficient but no greater than necessary to serve the purposes of sentencing.

**A.    Background**

**1.    The Offense Conduct**

On October 2, 2020, the defendant was pulled over for driving with illegally tinted windows.  (PSR ¶ 7).  At the time, as discussed below, the defendant was on federal supervised release for a serious narcotics conviction.  While police officers were standing outside of the vehicle, which the defendant was driving alone, they could smell marijuana emanating from inside the vehicle.  (PSR ¶ 8.).  The officers also observed a marijuana cigarette and an ashtray in plain view.  (*Id*.).  Upon searching the defendant's vehicle, officers found, among other things, marijuana inside of the defendant's jacket and a firearm located in the rear of the vehicle.  (*Id*.).  The firearm was a .9mm-caliber Luger SCCY, model CPX-1 that had a defaced serial number.  (PSR ¶ 9).

On May 24, 2010, the defendant was convicted in the United States District Court for the Southern District of New York of participating in a conspiracy to possess with intent to distribute cocaine base, in violation of Title 21, United States Code, Section 841 and 846 and was sentenced

to 180 months' imprisonment to be followed by five years of supervised release.  On July 22, 2019, the defendant was resentenced pursuant to the First Step Act to time served to be followed by four years of supervised release.  The defendant commenced supervision on August 8, 2019.  On June 10, 2021, the United States Probation Office for the Southern District of New York ("Probation") filed an amended petition charging the defendant with ten violations of the terms of his supervised release.  Five of the violations related to the defendant's firearm arrest on October 2, 2020.

### 2.      The Defendant's Plea and Guidelines Range

On May 19, 2022, the defendant pleaded guilty pursuant to a plea agreement (the "Plea Agreement") to possession of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Sections 922(k) and 924(a).  Pursuant to the Plea Agreement, the defendant's Total Offense Level was 21 and his Criminal History Category was III.  Accordingly, the parties agreed that the defendant's Sentencing Guidelines range is 46 months to 57 months' imprisonment (the "Stipulated Guidelines Range").  Probation agreed with the parties' Stipulated Guidelines Range.  (PSR ¶ 77).

### B.      Discussion

For the reasons that follow, the Government respectfully submits that a sentence a sentence at within the Guidelines Range of 46 to 57 months' imprisonment to be served consecutively to a sentence within the Guidelines Range of 21 to 27 months' imprisonment on the violation of supervised release is appropriate in this case to reflect the seriousness of the defendant's conduct, deter similar conduct in the future, protect the public from yet additional crimes committed by this defendant, and to adequately address the harm the defendant caused to the community.

### 1.      Applicable Law

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).  The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing: "a) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for that offense; b) the need to afford adequate deterrence to criminal conduct; c) the need to protect the public from further crimes by the defendant; and d) the need for rehabilitation." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (citing 18 U.S.C. § 3553(a)(2)).

**2.        Sentences Within the Sentencing Guidelines Range For Both the Federal Gun Conviction and the Violation of Supervised Release to be Served Consecutively Would Be Sufficient But Not Greater Than Necessary**

The defendant committed an extremely serious offense, and his conduct requires significant punishment.  The § 3553(a) factors particularly applicable here include nature of the defendant's conduct, the need to provide just punishment and to promote respect for the law, the need to deter the defendant and others from committing similar crimes and to protect the public from future crimes of the defendant.  Each of these considerations weighs heavily in favor of the Government's recommended sentences.

First, the Government's requested sentences reflect the nature of the defendant's conduct, provide just punishment, and will promote respect for the law.  The defendant committed a serious crime:  He possessed a firearm with a defaced serial number—something that makes it incredibly difficult for law enforcement to track the illegal purchasing and selling of guns—while on federal supervised release for a serious narcotics offense.  The defendant was in knowing possession of a firearm with a defaced serial number *after* he had obtained the benefit of having his federal sentence reduced under the First Step Act and while under the supervision of this Court's Probation Office.  As the Court knows, illegal gun possession and trafficking is wreaking havoc on the New York City community.  Shootings are near daily occurrences throughout the city, and the proliferation of these types of dangerous weapons feeds that violence.  That the defendant would posses such a firearm while under court supervision is even more troubling.  This was an incredibly serious offense for which there should be substantial consequences.

Second, the Government's requested sentence will deter the defendant and others who would commit crimes like this and protect the public from further crimes of the defendant.  This is not the defendant's first run-in with the law.  Indeed, when he was sentenced in 2010 in this District, the defendant was a Career Offender because of his substantial criminal record.  Although many of those convictions now no longer qualify for criminal history points because of their age, they demonstrate that the defendant has committed serious criminal offenses over a lengthy period of time.  Between 1998 and 2010, the defendant was convicted of attempted criminal sale of a controlled substance in the third degree (twice), attempted criminal possession of a weapon in the fourth degree, distribution of cocaine, possession of cocaine with intent to distribute, possession of marijuana, criminal possession of a loaded firearm in the third degree, and conspiracy to distribute with intent to distribute cocaine base.  The defendant's lengthy criminal record demonstrates a pattern of disrespect for the law.  And that pattern continued when the defendant, who was still on supervised release for a federal narcotics conviction, possessed a loaded defaced firearm in the Bronx.  A substantial term of incarceration is warranted to deter the defendant and others who would commit similar crimes and to protect the public from further crimes of this defendant.

Third, a sentence within the Guidelines Range is appropriate even in light of the defendant's history and characteristics, as detailed in the PSR and the defendant's sentencing submission.  The Government acknowledges that the defendant appears to have had a challenging upbringing and that he has emotional and substance abuse challenges as an adult.  It is also clear from the attachments to the defendant's submission that he has people in his life who love and

support him very much.   Nevertheless, the love and support of his family did not deter the defendant from continuing to commit dangerous crimes.   And his decision possesses a firearm with a defaced serial number while on federal supervised release was a decision he made of his own volition.   And that decision should be met with serious consequences.

**C.      Conclusion**

For the reasons set forth above, a sentence the Government respectfully submits that a sentence within the Guidelines Range of 46 to 57 months' imprisonment to be served consecutively to a sentence within the Guidelines Range of 21 to 27 months' imprisonment on the violation of supervised release would be sufficient but no greater than necessary to serve the purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:

/s/ Brandon D. Harper
Brandon D. Harper
Assistant United States Attorney
(212) 637-2209

cc: Mark Gombiner, Esq.  (by ECF and email)
Elizabeth K Quinn, Esq. (by ECF and email)