```
UNITED STATES DISTRICT COURT                      USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                     DOCUMENT
                                                  ELECTRONICALLY FILED
-------------------------------------------------------------- X    DOC #: _____
                                              :   DATE FILED: 6/15/2024
UNITED STATES OF AMERICA,                     :
                                              :
              -v-                             :   1:21-cr-460-GHW
                                              :
JASON MORGAN,                                 :   ORDER
                                              :
                            Defendant.        :
                                              :
-------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On September 15, 2022, the defendant was sentenced principally to a term of imprisonment of 46 months following his plea of guilty to charges related to his possession of a firearm with an obliterated serial number. At the time of his sentencing, the defendant's sentencing guidelines range was 46-57 months' imprisonment, based on an offense level of 21 and a criminal history category of III. The Bureau of Prisons currently projects that the defendant will be released from prison on August 13, 2025.

On November 6, 2023, the defendant filed a pro se motion to reduce his sentence as a result of Amendment 821 to the United States Sentencing Guidelines Manual. Dkt. No. 56. In a May 1, 2024 order, the Court noted that the Probation Department had determined that the defendant appeared to be eligible for an adjustment of his sentencing guidelines range based on Amendment 821 to the Sentencing Guidelines. In that order, the Court noted that the Federal Defenders Office had been appointed to represent the defendant in this matter, and directed that the United States and the defendant file submissions regarding whether a reduction in the defendant's sentence was appropriate.

On May 10, 2024, the Government filed its response to the Court's May 1, 2024 order. Dkt.

No. 61. The defendant filed his own pro se response to that submission on May 20, 2024. Dkt. No. 62. And on May 24, 2024, counsel for the defendant filed a response as well. Dkt. No. 63.

The Government does not dispute the conclusion that the defendant is eligible for a sentence reduction under Amendment 821, and that his Guidelines range would now be 41 to 51 months imprisonment, based on an offense level of 21 and a criminal history category of II. The Government argues, however, that a change in the defendant's sentence is not appropriate at this time, largely due to the serious nature of the defendant's underlying offense, as well as his lengthy criminal history. The defendant argues for a reduction in his sentence, pointing, among other things, at his laudable disciplinary history while incarcerated, and the mitigating factors discussed at sentencing. Mr. Morgan also asks the Court to reduce the sentence associated with the violation of supervised release "to correct the crack to powder cocaine disparity in case number 00-Cr-699." Dkt. No. 62 at 3.

The Court finds that the defendant is eligible for a sentence reduction and adopts the calculations of the defendant's Guidelines range giving effect to Amendment 821 as described above.

Having considered the record in this case and the parties' arguments, it is ORDERED that the defendant's motion for a reduction of sentence is denied for the following reasons. At sentencing, the Court adhered to the parsimony clause of 18 U.S.C. § 3553(a) and imposed the lowest sentence that it believed to be appropriate based on its review of all of the sentencing factors. The Court considered the guidelines range, but the guidelines range by itself did not drive the Court's sentence. Many other factors drove the Court's sentencing decision, including the need to impose a just punishment given the serious nature of the offense. The need to ensure personal deterrence was and remains a substantial factor, given the dangerous nature of the crime, and the defendant's criminal history. That criminal history was substantial and included another firearms

possession conviction, and, significantly, a 2009 conviction for drug trafficking in this court. The defendant was released in July 2019, when he was resentenced to time served. This serious crime was committed just over a year later. While Amendment 821 removes the enhancement as a result of the fact that the defendant committed this offense while on supervised release, the fact that the defendant committed this offense while on supervised release remains a factor. The Court applauds the defendant's positive record in prison. It is commendable, but by itself, it does not justify a reduction in the defendant's sentence. Notwithstanding the modification to the guidelines range applicable to the defendant as a result of Amendment 821, after reviewing the factors under 18 U.S.C. § 3553(a), the Court does not believe that a reduction in his sentence is appropriate.

The defendant's request to modify the sentence for his violation of supervised release "to correct the crack to powder cocaine disparity" is denied as well. The Court's sentence in that case related to the violation itself, not the commission of the underlying offense.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 56 and to mail a copy of this order to Mr. Morgan.

SO ORDERED.

Dated: June 15, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge